CHAMPLIN
vs
FOSTER & CUN-
NINGHAM.
inquiry may be directed as to the payment, and further proceedings had as indicated in this opinion.

Morehead & Reed for plaintiff; Harlan & Craddock and L. Hord for defendant.

CHANCERY.          Champlin vs Foster & Cunningham.

ERROR TO THE MONTGOMERY CIRCUIT.

Case 28.          Mortgages.    Liens.    Practice in chancery.

October 2.    JUDGE MARSHALL delivered the opinion af the Court.

Where bill is filed to foreclose a mortgage upon real property incumbered by prior liens, it is proper to make all persons holding such liens parties, or if prior suits are pending to enforce prior liens, to consolidate the suits and avoid a sacrifice of the property by multiplying sales of small parts.

THE proceedings in this case have been exceedingly irregular, both as to the orders and decrees made in Court, and as to the manner in which they were executed out of Court. But for many of these irregularities and their consequences, there is now no cure, at least none upon this writ of error.

The mortgagor was doubtless prejudiced by the omission to make the holders of the prior liens upon portions of the mortgaged premises parties to this suit, or to consolidate the three suits for the enforcement of the liens, if it could be done, or by the failure to await the sale under the prior partial liens, before selling under the mortgage. In consequence of these omissions, there seem to have been five separate sales of different parcels of the same tract of land, and three of them under the mortgage, first, of the land not covered by the prior liens, and then of two very small parcels left after the sales under the prior liens. The result seems to have been, a sacrifice to some extent, in the sale, and this might have been expected. But the validity of the sales was not questioned in the Circuit Court, and the purchasers are not before this Court. There is no question, therefore, as to the sales, nor do we know that they could have been successfully attacked at any time. The error assigned for not making the prior encumbrancers parties, is unavailing, because their incumbrances have been satisfied by sales, and the whole subject, in which there was any common or conflicting interest having been disposed of, they

have no interest in any matter which can now be litigated between these parties. The propriety of the decree of sale under the mortgage, or of the disposition made of the proceeds, *is* a matter between the mortgagor and mortgagees, unless the purchasers could be involved in the question as to the propriety of the decree of sale.

But whether the sales, or any of them, can be set aside or not, the mortgagor has a deep interest in the application of the proceeds, and also in the ascertainment of the debts paid by the sale of his property and of those which remain unpaid. It was the duty of the Circuit Court to ascertain by its decree, how much money was demandable from the mortgagor as due under the mortgage, to give day of payment for the whole sum, and on failure to pay, to direct a sale of the mortgaged premises or so much as was necessary for the payment of a specified sum, not greater than that named in the decree *nisi*, and by further decrees to show what sum had been raised and what land had been sold, and there being more than one debt to be satisfied and more than one claimant under the mortgage, to direct the appropriation of the proceeds of sale among the several debts and claimants.

In this case the bill sets up claims as secured by the mortgage, amounting to nearly $10,000. The claim is for indemnity as sureties of the mortgagor, in debts, the largest of which was not due when the bill was filed, and but few had been paid by the complainants. The answer questions the right of indemnity upon a bill of exchange for $2,500, and calls upon the complainants to show what debts they had paid. This call was immediately answered, and a decree *nisi* entered at the same term, giving day of payment for certain sums which, upon the pleadings, appeared to be undisputed, amounting, altogether, as the decree is copied in the record, to less than $2,000, and which, even if there be an omission of one item in the transcript, could not have exceeded $3,000. In order to obtain the decree at that term, the complainants discontinued, (without prejudice,) their claim on account of the bill for $2,500, one of the debts due before the bill was filed, and the defendant was given until the first day of the next March term of the Clark Circuit Court to.

A mortgagor has an interest in the ascertainment of debts secured by mortgage, and therefore in every decree for the sale of mortgaged property, day of payment should be given to him, and the sum to be paid should be ascertained; and when a sale is ordered, the sum should be ascertained and stated, and the sale reported, and the surplus fund if any, should be paid over to the mortgagor.

pay the sums mentioned in the decree, with an intimation that on failure, the mortgaged premises should be sold.

Shortly after the rendition of this decree, the defendant obtained a change of venue to the Montgomery Circuit Court; and at the March term of that Court, and before the first day of the Clark Circuit Court, a decree was rendered for the sale of the mortgaged premises, not for the sums mentioned in the decree *nisi*, to which no reference is made, but to satisfy the debts in the bill and answer set forth. The whole mortgaged premises are directed to be sold without any reference to the admitted prior liens, or to the amount of the debt. The bonds for the price are directed to be taken payable directly to the complainants, and the commissioner is directed to convey the land and deliver the possession to the purchaser, upon the execution of proper bonds for the purchase money. At a special term, in July, 1843, the commissioner reported a sale of the "said land," and the purchase of 108 acres and 14 poles at the price of $4,054 30; without intimating that the whole tract was not sold. But at the September term, 1843, a further decree was rendered, which, after referring, for the first time, to the suits of the prior incumbrancers, not introduced into this record, recites that after satisfying their decrees, a small portion of each of the parcels, (covered by their liens,) remained unsold, and decrees a sale thereof, in the same manner as before, without any reference to the amount due on the mortgage, or to the amount of debts satisfied by the former sale. At the same term, the commissioner's deed under the first sale, was acknowledged in Court and ordered to be certified. And at the succeeding March term, 1844, the report of sales under the last decree, amounting to $140, was made and confirmed, and a final decree was rendered reciting merely that the proceeds of the sales of the mortgaged premises fall short of satisfying the debts and liabilities enumerated in the mortgage, and decreeing the costs against the defendant.

Besides the two reports showing the amount of sales, there is a previous report showing the amount of rents received from the mortgaged premises under an order ap-

pointing a receiver at the earliest stage of the suit. But except the first interlocutory decree, which seems to have been disregarded, there is no decree or order of the Court, and therefore, nothing upon its permanent records, stating the sums raised from the mortgaged premises, nor the application thereof, nothing to show the amount due on the mortgage, and no decree giving day of payment. But the commissioner was referred to the bill and answer to ascertain a contested and uncertain demand, and was at liberty to sell the whole of the land for a much larger sum than was due, taking the bonds payable to the mortgagees.

Some of the errors manifest in these proceedings, and among them that of prematurely decreeing a sale of the land, are, as already said, now incurable, and it would be useless to enquire into the question whether the rendition of the decree ought not to have been postponed on Champlin's motion to file an additional answer and cross bill, and to continue the cause. Had the decree of sale been proper without the offer to file the cross bill, the decree might have been made notwithstanding the filing of the cross bill; and as that bill sets up claims against Foster and not against Cunningham, it should have been allowed to be filed on the sole condition that the litigation arising on it with Foster and others, not before parties in the suit, should not obstruct the distribution of the proceeds of sale so far as Cunningham had a right to be indemnified under the mortgage; and the Court should have retained its power over the proceeds of sale instead of directing them at once to the hands of the complainants. As the case stands, we do not perceive that any advantage will accrue to Champlin by directing that upon the return of the cause to the Circuit Court, he should be permitted to file his cross bill, since the fund arising from the sale is not in the power of the Court, and the demand set up against Foster in the cross bill, may be as effectually asserted, and perhaps with less confusion in a separate suit. It will, however, be left to the discretion of the Circuit Court to allow these matters to be brought in by cross bill or otherwise, in the future progress of the case. But it is essential that the record

in this suit should show what portions of the mortgage claims were due and satisfied by the rents and sales of the mortgaged premises, and what portions still remain unpaid; and if by the rents and sales or otherwise, the mortgagees were indemnified for their payments or liabilities, as secured by the mortgage, this should be ascertained, and if the sales and rents, added to other means which have come to their hands, or to the hands of either of them, were more than sufficient to satisfy the just claims of the party receiving them against Champlin as secured by the mortgage, such party should be decreed to pay over to Champlin the surplus remaining after satisfying the indemnity secured by the mortgage. And such proceedings should be had by commissioner or by additional pleadings, or both, as may be necessary for the ascertainment of the matters referred to.

Wherefore, the decree is reversed, and the cause remanded for further proceedings, and decree in conformity with this opinion.

*Peters, Hazlerigg and Goodloe* for plaintiff.